954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert B. ANDERSON, Plaintiff-Appellant,
v.
Werner GRENTZ, Doctor, et al., Defendants-Appellees.
 No. 91-1118.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert B. Anderson, a pro se Michigan prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages and injunctive relief, Anderson sued two doctors, a nurse, an inspector, and a deputy warden, all employees of Dunes Correctional Facility. He also sued the Michigan Department of Corrections (MDOC). Anderson alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they allegedly misdiagnosed his ankle condition and refused to allow him to purchase high-quality high-top basketball shoes costing in excess of the $50 MDOC policy limit, which he believes would provide greater support for his ankle and thus lessen his pain.
 
 
 3
 The defendants filed a motion to dismiss or for summary judgment supported by Anderson's medical records and the affidavits of defendants Mascorro, Holtz, and Tamminga. In a report issued September 18, 1990, a magistrate recommended that the defendants' motion for summary judgment be granted. Over Anderson's objections, the district court adopted the magistrate's report and recommendation and granted summary judgment for the defendants in an opinion filed November 30, 1990. The district court found that Anderson's complaint of misdiagnosis alleged, at the most, medical malpractice, which is insufficient to state a claim under the Eighth Amendment. The district court further found that the record did not establish Anderson's medical need for the particular shoes requested by Anderson.
 
 
 4
 On appeal, Anderson continues to argue the merits of his claim. In addition, he requests the district court's order taxing costs, entered March 13, 1991, be rescinded or held in abeyance pending this court's resolution of his appeal.
 
 
 5
 Upon review, we conclude that the district court correctly entered summary judgment for the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 Accordingly, the district court's judgment, filed November 30, 1990, is affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit. The request to rescind or hold in abeyance the district court's order taxing costs is denied.